IN THE UNITED STATES DISTRICT COUR FOR THE
WESHERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SAKEENA DAUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-00537-ODS |
| | ) | |
| NATIONAL MULTIPLE SCLEROSIS | ) | |
| SOCIETY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS, AND
(2) DENYING DEFENDANT'S MOTION FOR SANCTIONS

Pending is Defendant National Multiple Sclerosis Society's ("NMSS") Motion to Dismiss Plaintiff's Complaint and Motion for Sanctions. Doc. #9. For the following reasons, NMSS' motion is granted in part and denied in part.

## I.   BACKGROUND

Plaintiff Sakeena Daud is a former employee of NMSS. In May 2017, Plaintiff filed her first lawsuit against NMSS based upon denial of a promotion and termination of employment. *Daud v. Nat'l Multiple Sclerosis Soc.*, Case No. No.4:17-cv-00378-ODS ("*Daud I*"). In *Daud I*, the Court granted summary judgment in favor of NMSS on Plaintiff's claims of discrimination on the basis of religion, race, or color; failure to promote; and wrongful termination.[1] *Daud I* (Doc. #49). Plaintiff did not appeal the Court's decision, and the time for doing so has passed.

This is the second lawsuit filed by Plaintiff against NMSS. Other than an allegation that NMSS failed to verify Plaintiff's employment, this lawsuit is based upon the same facts as in *Daud I*. NMSS moves to dismiss the entire lawsuit. Plaintiff

---

[1] To the extent she alleged a retaliatory discharge claim, the Court found such a claim failed because Plaintiff did not engage in protected activity, and NMSS established a legitimate, nondiscriminatory reason for Plaintiff's termination. *Daud I* (Doc. # 49-1).

opposes the motion.  NMSS did not file a reply, and the time for doing so has passed.
L.R. 7.0(c)(3).  The motion is now ripe for consideration.

## II.    <u>STANDARD</u>

The liberal pleading standard created by the Federal Rules of Civil Procedure
requires "a short and plain statement of the claim showing that the pleader is entitled to
relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P.
8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant
fair notice of what the…claim is and the grounds upon which it rests.'"  *Id.* (citing *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In ruling a motion to dismiss, the
Court "must accept as true all of the complaint's factual allegations and view them in the
light most favorable to the Plaintiff[ ]."  *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472,
476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to state a claim to relief that is plausible on its
> face.  A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.  The plausibility standard is
> not akin to a probability requirement, but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Where a complaint
> pleads facts that are merely consistent with a defendant's liability, it stops
> short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles, a court considering a motion to dismiss
> can choose to begin by identifying pleadings that, because they are no
> more than conclusions, are not entitled to the assumption of truth.  While
> legal conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Further, in ruling a motion to dismiss for failure to state a claim, the Court must
accept as true the complaint's factual allegations, and view the factual allegations in the
light most favorable to the plaintiff.  *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476
(8th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, the Court is limited to a review of the complaint, but the Court may consider exhibits attached to the complaint and materials necessarily embraced by the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *see also Levy v. Ohl*, 47 F.3d 988, 991 (8th Cir. 2007) (citations omitted).

### III.   DISCUSSION

#### A.   Res Judicata

NMSS argues nearly all of Plaintiff's claims are barred by res judicata, and should be dismissed. "Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Cardona v. Holder*, 754 F.3d 528, 530 (8th Cir. 2014) (citation omitted). "To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same act, contract, or transaction." *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318-19 (Mo. 2002).

With one exception, Plaintiff's second lawsuit is identical to *Daud I*. The Court, as set forth above, issued a judgment on the merits in *Daud I* when it granted NMSS' motion for summary judgment. Thus, the claims alleged in this matter that are duplicative of the claims previously decided on the merits are barred by res judicata.[2] Accordingly, the Court grants NMSS' motion to dismiss Counts I, II, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, and XIV of Plaintiff's Complaint. The Court dismisses with prejudice all of Plaintiff's claims based upon NMSS' failure to promote her, and NMSS' decision to discharge her.

---

[2] This finding should come as no surprise to Plaintiff. When it denied her application for leave to proceed in forma pauperis, the Court noted Plaintiff's Complaint in *Daud II* "restates (in most instances, verbatim) many of the same allegations lodged in a previous lawsuit against Defendant." Doc. #3. The Court warned Plaintiff that she was barred from litigating claims in this matter that she previously litigated in her first lawsuit.

## B. Count III

NMSS argues Plaintiff's claim of "Title VII – Defamation" in Count III should be dismissed for failure to state a claim under Title VII. In comparison to attorney-prepared pleadings, "*pro se* litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citation omitted). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (citation omitted).

The heading for Count III does not clearly identify Plaintiff's claims. But the Court is not limited to the heading. In Count III, Plaintiff alleges, on March 26, 2018, NMSS "would not verify my year-long employment." Doc. 5, ¶ 59. She also contends NMSS "communicated to an agency that I was terminated[,] stating performance…" *Id.*, ¶ 78. In a charge of discrimination dated March 27, 2018,[3] Plaintiff made a similar allegation – that is, she was "given an unfavorable job reference in retaliation for filing a charge of discrimination." Doc. #5-2, at 2. The Court finds Plaintiff has sufficiently pleaded a retaliation claims based upon the event(s) that occurred in March 2018. Accordingly, NMSS' motion to dismiss is denied with regard to Plaintiff's retaliation claim based upon the event(s) that occurred in or about March 2018.[4]

Count III also refers to discrimination based upon the event(s) that occurred in March 2018. But Plaintiff did not allege discrimination in her second charge. Doc. #5-2, at 2. By failing to allege discrimination in her second charge, Plaintiff failed to exhaust her administrative remedies with regard to a Title VII discrimination claim arising from the event(s) that occurred in or about March 2018.

To exhaust administrative remedies entitling a plaintiff to bring a Title VII cause of action, the plaintiff must "give notice of all claims of discrimination in the administrative

---

[3] Plaintiff signed the charge on that date but it is unclear when the charge was filed. ]
[4] The EEOC did not issue a right to sue letter on the second charge until April 24, 2018. Doc. #5-2. Discovery in *Daud I* closed on April 11, 2018, and dispositive motions were due on April 30, 2018, and then extended one week later. Given the deadlines in *Daud I*, the Court finds Plaintiff could not have litigated any claim associated with her second charge in *Daud I*.

complaint." *Stuart v. Gen. Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). A plaintiff can only seek relief "for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Id.* at 631. The charge must be construed liberally, but a civil suit can be only be as broad "as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id.* Each discrete discriminatory act, such as a termination, failure to promote, refusal to hire, or retaliation constitutes a separate actionable offense, and must be identified in the charge. *Dahdal v. Wells Fargo Fin.,* No. 04-0415CV-W-GAF, 2005 WL 2008648, at \*5 (W.D. Mo. Aug. 17, 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002)). Because Plaintiff failed to exhaust her administrative remedies with regard to a discrimination claim arising out of the event(s) that occurred in or about March 2018, she cannot bring a lawsuit based upon such a claim. In this regard, NMSS' motion to dismiss is granted.

Finally, to the extent Plaintiff is alleging defamation, the Court dismisses that claim because, even when liberally construing the Complaint, Plaintiff fails to sufficiently plead a defamation claim. To prevail on a defamation claim, a person must prove "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Smith v. Humane Society of U.S.*, 519 S.W.3d 789, 798 (Mo. 2017) (citations omitted). Plaintiff has not pleaded the necessary elements of a claim of defamation, and the Court is unable to discern a viable basis for a defamation claim. Accordingly, NMSS' motion to dismiss Plaintiff's defamation claim is granted.

## IV.    SANCTIONS

NMSS also asks the Court to sanction Plaintiff. The Court will not grant NMSS' motion at this time. Nonetheless, the Court strongly advises Plaintiff not refile a claim or action against NMSS based upon NMSS' alleged failure to promote to her, and NMSS' decision to discharge her. Those claims have already been addressed. Additionally, the Court will not order Plaintiff to reimburse NMSS for costs and attorneys' fees.[5]

---

[5] The Court strongly urges Plaintiff consult the Court's website, which provides information to pro se litigants. *See* http://www.mow.uscourts.gov/district/pro-se.

## V. CONCLUSION

For the foregoing reasons, NMSS' motion to dismiss is granted with respect to Counts I, II, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, and XIV, and granted with regard to Plaintiff's claim of discrimination or defamation under Count III. NMSS' motion to dismiss is denied with regard to Plaintiff's retaliation claim based upon NMSS' conduct on or about March 26, 2018. NMSS' request for sanctions, costs, and attorneys' fees is denied.

IT IS SO ORDERED.

DATE: November 26, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT