IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAKEENA DAUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-00537-CV-W-ODS |
| | ) |
| NATIONAL MULTIPLE SCLEROSIS SOCIETY, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant National Multiple Sclerosis Society's Motion for Summary Judgment. Doc. #27. For the following reasons, Defendant's motion is granted.

### I. BACKGROUND[1]

Plaintiff Sakeena Daud was employed by Defendant National Multiple Sclerosis Society from April 2016 to April 2017. In May 2017, Plaintiff filed her first lawsuit against Defendant alleging Defendant discriminated and retaliated against her when it denied her a promotion and terminated her employment. *Daud v. Nat'l Multiple Sclerosis Soc.*, No. 4:17-cv-00378-ODS ("*Daud I*"). In *Daud I*, the Court granted summary judgment in favor of Defendant on all of Plaintiff's claims. *Daud I* (Doc. #49). Plaintiff did not appeal the Court's decision, and the time for doing so has passed.

This is the second lawsuit filed by Plaintiff against Defendant. In her Complaint, Plaintiff alleges the same claims she asserted in *Daud I* but includes one additional claim. Doc. #5. The new claim arises from events occurring in Mach 2018 when Plaintiff applied for employment with DST Systems Inc. On March 20, 21, 22, and 23, 2018, DST[2] attempted to verify Plaintiff's employment with Defendant by calling The

---

[1] Unless otherwise noted, the facts in this section are uncontroverted by the parties.
[2] The parties agree DST's agent, First Advantage, contacted The Work Number on DST's behalf. The Court collectively refers to First Advantage and DST as "DST."

Work Number, a third party hired by Defendant to respond to employment verification requests. The Work Number receives information about Defendant's employees via a software program Defendant uses for payroll. Defendant does not separately provide employment verification information to The Work Number.

Although it made several calls to The Work Number, DST was unable to verify Plaintiff's employment with Defendant. Defendant has no record or knowledge of any request to verify Plaintiff's employment received being made to The Work Number or its national or local chapter offices. On March 26, 2018, Plaintiff was able to verify her employment with Defendant by providing DST with a paystub and/or W-2 from her employment with Defendant. Plaintiff was hired by DST in April 2018.

On March 27, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights. Doc. #5-2, at 2. Therein, she alleges that on or about March 26, 2018, a prospective employer, despite repeated attempts, was unable to verify her employment with Defendant. *Id.* Plaintiff claims Defendant gave her "an unfavorable job reference in retaliation for filing a charge of discrimination in violation of Title VII." *Id.* On April 24, 2018, the EEOC issued a right to sue letter to Plaintiff. *Id.* at 1. Shortly thereafter, Plaintiff commenced this lawsuit. With regard to the claim arising in Mach 2018, the Complaint asserts a prospective employer made several attempts to verify Plaintiff's employment with Defendant, but Defendant refused to verify her employment. Doc. #5, ¶¶ 59, 78. The Complaint, unlike the Charge of Discrimination, does not allege Defendant gave Plaintiff an unfavorable job reference.

In November 2018, the Court dismissed with prejudice all of Plaintiff's failure to promote, discriminatory discharge, and retaliatory discharge claims because those claims were barred by res judicata. Doc. #15. The Court also dismissed Plaintiff's defamation claim due to her failure to sufficiently plead such a claim, and the Court's inability to discern a viable basis for the claim. The Court concluded Plaintiff failed to administratively exhaust a Title VII discrimination claim related to the events occurring in March 2018, and therefore, she could not bring such a claim. However, the Court found Plaintiff administratively exhausted a Title VII retaliation claim arising from the same conduct. That is the only claim remaining in this lawsuit. Defendant now seeks summary judgment in its favor on that claim.

## II.     STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). The Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). "[A] nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted).

## III.     DISCUSSION

### A.     Parties' Summary Judgment Facts, Responses Thereto, and Exhibits

Before addressing the substance of the parties' summary judgment arguments, it is necessary to examine some concerns regarding the parties' summary judgment facts, responses thereto, and exhibits.

#### (1)     Defendant's Fact 11

In Fact 11, Defendant states Plaintiff recorded a phone call to The Work Number on an unknown date and was advised of the steps a prospective employer needs to take to verify Plaintiff's employment with Defendant, and what information was available to the prospective employer. Doc. #28, at 8. In support of this fact, Defendant references an exhibit that it describes as "Transcript of Recording of S. Daud Call to The Work Number on Unknown Date." *Id.* Defendant indicates this exhibit is attached as Exhibit 8. *Id.* But Exhibit 8 is not a transcript of a phone call. Doc. #28-8. Instead, it

appears to be messages or notes from Kimberli Baltzer, Defendant's Senior Director of Human Resources. *Id*. Pursuant to the Court's Local Rules, if a party's summary judgment motion refers to "facts contained in another document…, the party must attach a copy of the relevant excerpt." L.R. 56.1(d). Because Defendant failed to attach the sole source supporting Fact 11, the Court cannot and has not considered Fact 11.

### *(2)   Plaintiff's Responses to Defendant's Facts*

In response to several of Defendant's facts, Plaintiff states she "disagrees" with Defendant's "use of sworn statements as its main support" and contends "Defendant[']s credibility is questioned several times throughout litigation." Doc. #29, at 8-9. To support her argument, Plaintiff refers to Exhibit 28, which is her opposition brief to Defendant's motion for summary judgment filed in *Daud I*. Doc. #29-1, at 24-86. Plaintiff, however, cannot rely on a legal brief to controvert a fact.

A party claiming a genuine issue of material fact exists must support her assertion by showing "admissible evidence will be available at trial to establish a genuine issue of material fact." *Brooks v. Tri-System, Inc.*, 425 F.3d 1109, 1112 (8th Cir. 2005); *Fin. Timing Publ'ns, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 942 (8th Cir. 1990) (citations omitted); Fed. R. Civ. P. 56(c)(1). When faced with a summary judgment motion, this Court must only consider admissible evidence. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004) (citation omitted). Plaintiff's opposition brief is not a deposition, affidavit, declaration, stipulation, admission, discovery response, or other type of admissible evidence. The document is also rife with hearsay, which the Court cannot consider. *Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993) (citation omitted). Therefore, the Court cannot consider Exhibit 28. Accordingly, Defendant's Facts 7, 8, 9, 10, and 12, which Plaintiff attempts to controvert by citing only Exhibit 28, are deemed uncontroverted.

Plaintiff also attempts to controvert some of Defendant's facts by disagreeing with Defendant's wording. In three of those instances, she cites Exhibit 24 to support her disagreement with the wording. Defendant argues Plaintiff cannot rely on Exhibit 24 because it is not authenticated and contains inadmissible hearsay. Doc. #30-1, at 9-10. Exhibit 24 is a duplicate of Defendant's Exhibit 2 submitted in support of its summary judgment. In a footnote, Defendant explains it cites the same record, introduced by

Plaintiff during discovery, because it is Plaintiff's only evidence that DST attempted to verify her employment. Doc. #30-1, at 3 n.1. Defendant contends even if the record is admissible and is considered by the Court, it does not support an inference of unlawful retaliation. *Id.*

"To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e)." *DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 825-26 (8th Cir. 2009) (citation omitted). Documents that are not authenticated cannot be considered. *Stuart v. Gen. Motors Corp.*, 217 FG.3d 621, 635 n.20 (8th Cir. 2000) (citation omitted).

Plaintiff describes Exhibit 24 as "verification attempts." Doc. #29, at 6. The document appears to list Plaintiff's "former employment" with Defendant, Assurant, and KCK School District. Doc. #29-1, at 10-13. The source of the information is unknown. When the information was obtained and by whom are also unknown. While "pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law," courts liberally construe pro se litigants' filings. *Schooley v. Kennedy,* 712 F.2d 372, 373 (8th Cir. 1983) (citations omitted). With regard to Exhibit 24, the Court afforded Plaintiff some leniency and considered the exhibit.

### (3) Plaintiff's Facts

Plaintiff sets forth several facts but fails to cite anything establishing those facts. The Federal Rules of Civil Procedure and the Court's Local Rules require a party "cite[] to particular parts of materials in the record" to support an assertion of fact. Fed. R. Civ. P. 56(c); L.R. 56.1(b). Because Plaintiff fails to cite anything in the record to support Facts 1, 2, 3, 4, 5, 6, 11, 13, and 14, the Court cannot and did not consider those facts.

Regarding Fact 12, Plaintiff cites only Exhibit 26 in support. Doc. #29, at 11. Defendant argues Exhibit 26 contains inadmissible hearsay, and Plaintiff does not have personal knowledge about some of the information in the exhibit. Doc. #30-1, at 12. Plaintiff describes Exhibit 26 as "self verification emails." Doc. #29, at 6. The exhibit consists of emails between Plaintiff and "DST Verifications." Doc. #29-1, at 17-18. According to the exhibit, on March 26, 2018, Plaintiff was informed via email that DST

5

was "unable to get [her] employment with [Defendant] verified," and Plaintiff was asked to provide a W-2 or paystub from the time she was employed with Defendant. *Id.* at 18.

Although it contends Plaintiff cannot use the exhibit to support her facts, Defendant relies on the same exhibit in its summary judgment motion. Doc. #28, at 7; *compare* Doc. #28-4 *with* Doc. #29-1, at 17-18. Indeed, Defendant relies solely on the exhibit to support its fact that "Plaintiff was able to satisfactorily verify her past employment" with Defendant. Doc. #28, at 7. The Court agrees Plaintiff does not have personal knowledge about what attempts DST made to verify her employment, and as such, the Court has not construed Plaintiff's Fact 12 as establishing she has that personal knowledge. However, Defendant cannot utilize an exhibit to support one of its facts, ostensibly representing the exhibit is admissible, but also argue Plaintiff cannot use the same exhibit to support of one of her facts because it is purportedly inadmissible. Defendant's objection is overruled. The Court considered Plaintiff's Exhibit 26 and Plaintiff's Fact 12.

### B. Plaintiff's Claim

To establish her retaliation claim, the parties agree Plaintiff must show she engaged in a statutorily protected activity, Defendant took a materially adverse employment action against her, and the adverse employment action was causally connected to her protected activity. Doc. #28, at 10; Doc. #29, at 12-13. Defendant does not dispute Plaintiff engaged in a protected activity but argues Plaintiff cannot establish the other elements of her claim.

#### (1) Adverse Employment Action

To demonstrate an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which…means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotations and citations omitted). According to the Supreme Court, there must be "*material* adversity because we believe it is important to separate significant from trivial harms." *Id.* (emphasis in original). "[P]etty slights, minor

6

annoyances, and simple lack of good manners" are not considered materially adverse employment actions. *Id.* (citation omitted).

In her Charge of Discrimination, Plaintiff alleged a prospective employer was unable to verify her employment with Defendant, and Defendant gave her "an unfavorable job reference." Doc. #5-2, at 2. In her Complaint, Plaintiff did not allege Defendant gave her an unfavorable job reference. Doc. #5. Instead, she only asserted Defendant refused to verify her employment. *Id.* ¶¶ 59, 78. Similar to her Complaint, Plaintiff's response to Defendant's summary judgment motion only discusses Defendant's alleged failure to verify her employment. Doc. #29, at 10-11, 14-15. There is no mention of Defendant giving her an unfavorable reference. *Id.*

While these two allegations are incompatible – either Defendant refused to verify Plaintiff's employment, or Defendant verified her employment and gave an unfavorable job performance – the Court will address both issues. Additionally, the Court will consider an additional adverse employment action raised in Plaintiff's response to Defendant's motion for summary judgment. Plaintiff contends she suffered an adverse employment action when Defendant failed to transmit her information and documents to The Work Number. Doc. #29, at 12-13.

### (a) <u>Unfavorable Reference</u>

The Eighth Circuit has held "a reasonable jury could conclude negative references to potential employers constitutes adverse action to state a retaliation claim." *Hughes v. Stottlemyre*, 454 F.3d 791, 797 (8th Cir. 2006) (citation omitted); *see also Smith v. St. Louis Univ.*, 109 F.3d 1261, 1266 (8th Cir. 1997), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011). While such conduct may be actionable, a plaintiff must establish the adverse action occurred. *See Attaie v. Telex Commc'ns*, No. 4:10CV3238, 2011 WL 843973, at *2 (D. Neb. Mar. 9, 2011) (citation omitted) (stating that to establish a retaliation claim based on a negative employment reference requires a showing that false information was disseminated to a prospective employer and the information was material to the prospective employer's hiring decision); *NGrime v. Papillion Manor, Inc.*, No. 8:08CV23, 2009 WL 382757, at *7 (D. Neb. Feb. 12, 2009) (finding the plaintiff failed to show a "bad report" was giving to prospective employers); *Griffin v. Webb*, 653 F. Supp. 2d 925,

7

936 (E.D. Ark. 2009) (finding the plaintiff could not prove an adverse employment action was taken against her because she admitted the defendant only provided date of hire and job title to prospective employers).

Here, there is no evidence that Defendant gave Plaintiff an unfavorable reference. In fact, there is no evidence that Defendant communicated <u>anything</u> about Plaintiff to a prospective employer. Without evidence of an unfavorable reference, Plaintiff cannot establish Defendant took an adverse employment action against her.

### (b) <u>Refusal to Verify Employment</u>

Plaintiff argues she suffered an adverse employment action when Defendant refused to verify her employment. She contends a factfinder could infer an employer not providing employment verification details could cause a reasonable employee "delays in obtaining employment and[/]or being passed over entirely by a prospective employer." Doc. #29, at 14-15. But this is not the applicable standard. Instead, Plaintiff must show the adverse action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68. Plaintiff has not met that standard. If anything, Defendant's alleged refusal to verify employment information is more akin to a petty slight or a lack of good manners. *Id*. Moreover, Plaintiff does not cite (and the Court was unable to locate) an Eighth Circuit case indicating an employer's refusal to verify a former employee's employment constitutes a materially adverse employment action. Even if Plaintiff could show Defendant's alleged refusal to verify employment constitutes a materially adverse employment action, she has not pointed to any evidence of Defendant's refusal to verify her employment.

### (c) <u>Failure to Follow Procedures</u>

Although not alleged in her Charge of Discrimination or her Complaint Plaintiff argues Defendant was responsible for but failed to upload her information to The Work Number. Doc. #29, at 12-13. She maintains Defendant's failure was a deviation from its policies, and therefore, provides circumstantial evidence of retaliation. *Id*. at 13.

Setting aside Plaintiff is not permitted to assert a new basis for her claim when responding to a motion for summary judgment, her claim still fails. First, she has not

8

established Defendant's alleged actions (or inactions) constitute a materially adverse employment action. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68. Second, Plaintiff does not point to anything in the record demonstrating Defendant failed to upload her information to The Work Number, and she does not controvert Defendant's evidence demonstrating it followed its policies and procedures. Rather, Plaintiff's claim is based on conjecture or speculation. But conjecture and speculation are insufficient to withstand a motion for summary judgment. *See Gregory v. Rogers,* 974 F.2d 1006, 1010 (8th Cir. 1992) (citation omitted) (holding a party must submit "sufficient probative evidence" that would permit a court to find in the party's favor "on more than mere speculation, conjecture, or fantasy" to survive a summary judgment motion). Without probative evidence demonstrating Defendant's actions (or inactions) constitute an adverse employment action, Plaintiff cannot establish Defendant took an adverse employment action against her.

Because Plaintiff has not demonstrated she suffered a materially adverse employment action, the Court grants Defendant's motion for summary judgment.

### *(2)     Causal Connection*

Even if the Court were to find Plaintiff suffered a materially adverse employment action, Defendant would still be entitled to summary judgment because Plaintiff failed to demonstrate a causal connection between her protected activity and the alleged adverse employment action(s). To establish causation in a Title VII retaliation claim, Plaintiff must show "the desire to retaliate was the but for cause of" of the adverse employment action. *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737-38 (8th Cir. 2013) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013)).

Plaintiff seems to argue the timing between her protected activity and the alleged adverse employment action demonstrates causal connection. Doc. #29, at 14. While a plaintiff may establish a causal connection with evidence of the timing between the two events, "a temporal connection alone is not sufficient to establish a causal connection." *Turner v. Gonzales*, 421 F.3d 688, 696-97 (8th Cir. 2005) (citations omitted). Also, "[a] gap in time between the protected activity and the adverse employment action weakens an inference of retaliatory motive, and that, given a delay of sufficient length, the causal

9

nexus tends to evaporate." *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1044 (8th Cir. 2007) (internal quotations and citations omitted).

According to Plaintiff, in April 2017, Defendant was aware of her Charges of Discrimination. Doc. #29, at 14, 16. But the alleged adverse employment action(s) occurred in March 2018. The passage of eleven months between Plaintiff's protected activity and the adverse employment action does not support an inference of causation. *See Arraleh v. Cty. of Ramsey*, 461 F.3d 967, 978 (8th Cir. 2006) (noting three weeks between the protected activity and adverse employment action "may suffice to establish causation"). Thus, temporal proximity does not establish a causal connection.

Plaintiff claims "some of the same decision makers" involved in the decision not to promote her "were directly involved in failing to provide her employment details to the online work website." Doc. #29, at 17-18. Plaintiff identifies five individuals and argues "[e]vidence infers that more than one of these decision makers connected with her termination held a bias." *Id*. Once again, her argument is based on speculation and conjecture. As set forth above, Plaintiff cannot survive a summary judgment motion based on speculation or conjecture. *Gregory,* 974 F.2d at 1010. She must submit sufficient probative evidence that would permit this Court to find in her favor. Plaintiff has presented no evidence of bias and she has presented no evidence that any of the identified individuals were implicated in failing to verify her employment. Finally, and most tellingly, Plaintiff has submitted no admissible evidence establishing Defendant failed to verify her employment. Accordingly, this argument fails.

Because Plaintiff has not demonstrated a causal connection exists between her protected activity and the alleged adverse employment action(s), the Court grants Defendant's motion for summary judgment on this basis as well.[3]

---

[3] Even if the Court were to find Plaintiff established a prima facie case of retaliation, her claim would still fail. "If an employee establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its action." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011) (citation and internal quotations omitted). If the employer meets its burden, "the burden then shifts back to the employee to put forth evidence of pretext." *Id.* (citation omitted). Pretext can be shown "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (citations and internal quotations omitted). Defendant presents evidence, not contradicted by Plaintiff, that (1) it did not receive phone calls seeking verification of Plaintiff's employment, and (2) it entered Plaintiff's

### C. Defendant's Request to Strike

In its reply, Defendant asks the Court to strike Plaintiff's "oversized brief" for failure to comply with the Court's Local Rules and as a sanction for repeatedly disregarding the Court's Orders related to *Daud I*. Doc. #30, at 3-4. The Court denies Defendant's request.

### IV. CONCLUSION

For all the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

DATE: July 15, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

information into its payroll system, which transmitted information to The Work Number. Doc. #28-6; Doc. #28-7; Doc. #30-2; Doc. #30-3. Defendant met its burden. However, Plaintiff has not presented evidence of pretext. For this additional reason, Plaintiff's claim fails.

11